Jane Doe v Blackrabbit 19 (2024 NY Slip Op 04813)

Jane Doe v Blackrabbit 19

2024 NY Slip Op 04813

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 153384/18 34452/20 Appeal No. 2696 Case No. 2023-05702 

[*1]Jane Doe, Plaintiff-Appellant,
v
Blackrabbit 19, et al., Defendants-Respondents. 

Daniels Szalkiewicz & Associates, P.C., New York (Daniels S. Szalkiewicz of counsel), for appellant.
KMA Zuckert LLC, New York (David Y. Loh of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 20, 2023, which granted defendants' motion to dismiss the complaint against them for lack of personal jurisdiction, unanimously affirmed, without costs.
Plaintiff alleges that her former boyfriend, Maxwell Huang, disseminated intimate images of her without her consent on three websites (Facebook, Kik, and Reddit) through accounts in defendants' names. Defendants were served in Texas at Huang's apartment and moved to dismiss for lack of long-arm jurisdiction. In support of his motion to dismiss for lack of personal jurisdiction, Huang averred that both he and plaintiff resided in Texas at the relevant times and that he has no contacts with New York.
As relevant to this appeal, in response to the motion to dismiss, plaintiff asserted that jurisdiction can be exercised over defendants and Huang under Civil Rights Law § 52-b (5), which provides for a cause of action against a "website" that "hosts or transmits" intimate images of a New York resident without consent. Section 52-b(5) extends personal jurisdiction over such a website to the extent permitted by federal law and the United States Constitution.
The court properly granted defendants' motion to dismiss. Plaintiff's complaint does not state a cause of action against a website under Civil Rights Law § 52-b(5), but against an individual using various accounts or usernames on three different websites (see Civil Rights Law § 52-b[1]). Interpreting the undefined term "website" used in the statute in accordance with its ordinary and accepted meaning (see Breest v Haggis, 180 AD3d 83, 88 [1st Dept 2019]), Civil Rights Law § 52-b(5) confers personal jurisdiction over a "website that hosts or transmits a still or video image," not an individual person who causes the image to be posted on the website or that individual's account or username.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024